B1 Official Form 1 (04/13)

| United States Bankruptcy Court<br>District of Delaware | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Lima Energy Company** | Name of Joint Debtor (Spouse ) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**None** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **31-1745661** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**312 Walnut Street, Suite 1600**<br>**Cincinnati, Ohio 45202** | Street Address of Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Hamilton County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**See Schedule 1** | ZIP CODE |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity**
(Check Box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**B1 Official Form 1 (04/13)**                                                                                                   **Form B1, Page 2**

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Lima Energy Company** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: **None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor:<br>**See Schedule 1** | Case Number:<br>**Pending** | Date Filed:<br>**Date Hereof** |
| District:<br>**District of Delaware** | Relationship:<br>**Affiliate** | Judge:<br>**Pending** |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a party of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

                                        _____<br>                                        (Name of landlord that obtained judgment)

                                          _____<br>                                          (Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

B1 Official Form 1 (04/13)                                                                                              Form B1, Page 3

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Lima Energy Company** |
|---|---|

Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Debtor

X _____
  Signature of Joint Debtor

  _____
  Telephone Number (if not represented by attorney)

  _____
  Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  (Signature of Foreign Representative)

X _____
  (Printed Name of Foreign Representative)

  _____
  Date

**Signature of Attorney***

X ~~RDehy w/p ARR~~
  (Signature of Attorney for Debtor(s))

**Robert J. Dehney**
**Morris, Nichols, Arsht & Tunnell LLP**
**1201 North Market Street**
**P. O. Box 1347**
**Wilmington, DE  19899-1347**
**(302) 658-9200**

**March 17, 2015**
Date

*In a case which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ~~Dr. Steven C. Vick~~
  Signature of Authorized Individual
  **Dr. Steven C. Vick**
  Printed Name of Authorized Individual
  **Chief Executive Officer**
  Title of Authorized Individual
  **March 17, 2015**
  Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____

_____
Address

_____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## SCHEDULE 1
SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code.  Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| DEBTOR | TAX ID NO. |
|---|---|
| USA Synthetic Fuel Corporation | 13-3995258 |
| Lima Energy Company | 31-1745661 |
| Cleantech Corporation | 27-1546023 |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR

| Address | City | State | Type |
|---|---|---|---|
| 1046 S. Main Street | Lima | OH | 63 acres of industrial property plus improvements |
| The mineral rights include seventy three subterraneous parcels located in the southern portion of Fayette County, Indiana.  There are no conventional street addresses for these parcels; however, they can be identified on maps available from the State of Indiana. | | IN | 73 parcels of mineral rights |

## LIMA ENERGY COMPANY

The undersigned, being the Chief Executive Officer of Lima Energy Company, an Ohio corporation (the "Corporation"), does hereby certify as follows:

1.  I am the duly qualified and appointed Chief Executive Officer of the Corporation and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Corporation.

2.  Attached hereto as **Annex 1** is a true, correct and complete copy of resolutions duly adopted by the board of directors of the Corporation on March 13, 2015 (the "Resolutions").

3.  The Resolutions have not been modified or rescinded and are in full force and effect.

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered as of March 17, 2015.

LIMA ENERGY COMPANY

By: _Dr. Steven C. Vick_

Name: Dr. Steven C. Vick
Title: Chief Executive Officer

**ANNEX 1**

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF LIMA ENERGY COMPANY

Effective as of this 13th day of March, 2015, pursuant to a special telephonic meeting on the same date, the board of directors (collectively, the "Board of Directors") of Lima Energy Company, an Ohio corporation (the "Corporation"), upon a motion duly made and acting pursuant to the Corporation's organizational documents, took the following actions and adopted the following resolutions:

**WHEREAS**, the Board of Directors of the Corporation has considered the liabilities and liquidity of the Corporation, the strategic alternatives available to the Corporation, and the impact of the foregoing on the Corporation's businesses;

**WHEREAS**, the Board of Directors has considered, among other things, the Corporation's available liquidity, liabilities, and ability to meet its obligations as they come due;

**WHEREAS**, the Board of Directors has had the opportunity to consult with the Corporation's management and advisors to fully consider each of the strategic alternatives available to the Corporation;

**WHEREAS**, the Board of Directors has been presented with a proposed petition to be filed by the Corporation in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

**WHEREAS**, in connection with filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, the Corporation proposes to enter into a $765,970 Secured Superpriority Priming Debtor-in-Possession Term Loan Facility (the "DIP Term Sheet") substantially in the form reviewed by the Board, dated on or about the date hereof, by and among USA Synthetic Fuel Corporation, as borrower, the Corporation and Cleantech Corporation, as guarantors, the lenders party thereto from time to time and Third Eye Capital Corporation, as administrative agent and as collateral agent, authorizing the Corporation to incur the obligations contemplated by the DIP Term Sheet and use the Corporation's cash collateral in a manner consistent with the DIP Term Sheet;

**WHEREAS**, in connection with filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, the Corporation proposes to undertake a sale of substantially all its assets memorialized by a purchase agreement, dated on or about the date hereof, by and among the Corporation, USA Synthetic Fuel Corporation and Third Eye Capital Corporation (the "Purchase Agreement") substantially in the form reviewed by the Board;

**WHEREAS**, the Corporation will obtain direct and indirect benefits from the transactions contemplated in the DIP Term Sheet;

**WHEREAS**, the Board of Directors has determined that it is advisable and in the best interests of the Corporation to sell, transfer, and assign certain assets and liabilities thereof pursuant to the Purchase Agreement;

**WHEREAS**, the Board of Directors desires to approve the following resolutions.

## I.      Voluntary Petition Under the Provisions of the Bankruptcy Code

**NOW THEREFORE, BE IT RESOLVED**, that the Board of Directors has determined that it is desirable and in the best interests of the Corporation, its stakeholders and other parties in interest, that the Corporation shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing a chapter 11 case for the Corporation (such voluntary chapter 11 case, the "Chapter 11 Case"); and be it further

**RESOLVED**, that the Chief Executive Officer or any officer designated by the Chief Executive Officer (each a "Designated Officer") in each case acting singly or jointly, be, and they hereby are, authorized, empowered, and directed to execute and file in the name and on behalf of the Corporation, and under its corporate seal or otherwise, all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all management action necessary, appropriate, desirable, or proper in connection with the Chapter 11 Case, including, without limitation, determining the date and time of the filing and any action necessary to maintain the ordinary course operation of the Corporation's business, including any actions necessary to retain any professionals deemed necessary (including, without limitation, Morris, Nichols, Arsht & Tunnell LLP, Asgaard Capital LLC and r2b group, llc) to assist the Corporation in the Chapter 11 Case and in carrying out its duties under the provisions of the Bankruptcy Code.

## II.     Debtor in Possession Financing

**NOW THEREFORE, BE IT RESOLVED**, that the Corporation will obtain benefits from the incurrence of the obligations and the occurrence and consummation of the transactions contemplated by the DIP Term Sheet substantially in the form provided to the Board, which are necessary and appropriate to the conduct, promotion, and attainment of the business of the Corporation; and be it further

**RESOLVED**, that the form, terms, and provisions of the DIP Term Sheet, and the grant of security interests, the borrowings, any guaranties of indebtedness thereunder, and the transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and any Designated Officer is hereby authorized and empowered, in the name of and on behalf of the Corporation, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Term Sheet substantially in the form provided to the Board and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Corporation is or will be a party to or any order entered into in connection with the Chapter 11 Case (collectively with the DIP Term Sheet, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and

modifications to any of the foregoing as a Designated Officer executing the same shall approve in his sole discretion; and be it further

**RESOLVED**, that the Corporation, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations; and be it further

**RESOLVED**, that the Designated Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Corporation, as a debtor and debtor in possession, to take such actions as in their discretion are determined to be necessary, desirable, or appropriate to execute, deliver, and file (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (b) all petitions, schedules, lists, and other motions, papers, or documents, which shall in their sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his or their execution thereof; (c) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by Third Eye Capital Corporation; and (d) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents; and be it further

**RESOLVED**, that the Designated Officers be, and each of them hereby is, authorized, directed and empowered in the name of, and on behalf of, the Corporation to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Corporation in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their sole discretion be necessary, proper, or advisable to perform the Corporation's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions; and be it further

**RESOLVED**, that each of the Designated Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Corporation, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

### III.    Purchase Agreement

**NOW THEREFORE, BE IT RESOLVED**, that the form, terms, and provisions of the Purchase Agreement, together with all exhibits and schedules attached thereto or ancillary

- 3 -

documents contemplated thereby, substantially in the form provided to the Board, and the Corporation's performance of its obligations under the Purchase Agreement be, and hereby are, in all respects adopted and approved; and be it further

**RESOLVED**, that each of the Designated Officers be, and hereby is, authorized, directed, and empowered to execute and deliver (and cause the Corporation's performance of its obligations under) the Purchase Agreement, and each of the agreements, instruments, certificates and documents contemplated by the Purchase Agreement, substantially in the form provided to the Board, in the name and on behalf of the Corporation, substantially in the form approved, with such changes therein and modifications thereto which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof; and be it further

**RESOLVED**, that each of the Designated Officers be, and hereby is, authorized, directed, and empowered to take all such further actions including, without limitation, to arrange for and enter into, amendments, amendments and restatements, extensions, supplemental agreements, instruments, filings, certificates, or documents relating to the transactions contemplated by the Purchase Agreement and to execute and deliver (and cause the Corporation's performance of) all such supplemental agreements, instruments, certificates, or documents in the name and on behalf of the Corporation, which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

## IV.     Retention of Advisors

**NOW THEREFORE, BE IT RESOLVED**, that the law firm of Morris, Nichols, Arsht & Tunnell LLP be, and hereby is, employed as bankruptcy counsel to render legal services to, and represent, the Corporation in connection with the Chapter 11 Case and any other related matters in connection therewith, on such terms as the Designated Officers shall approve;

**RESOLVED**, that the firm of Asgaard Capital LLC be, and hereby is, employed as investment banker to the Corporation in connection with the Chapter 11 Case and any other related matters in connection therewith, on such terms as the Designated Officers shall approve;

**RESOLVED**, that the firm of r2b group, llc be, and hereby is, employed to provide the Corporation with an Interim Chief Financial Officer, and certain additional employees, in connection with the Chapter 11 Case and any other related matters in connection therewith, on such terms as the Designated Officers shall approve;

**RESOLVED**, that the Designated Officers be, and hereby are, authorized, empowered and directed, on behalf of, and in the name of the Corporation, to retain such other professionals as the Designated Officers deem appropriate during the course of the Chapter 11 Case.

## V.      Further Actions and Prior Actions

**NOW THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the Designated Officers and their designees shall be, and each of them hereby is, authorized, directed, and empowered, in the name of, and on behalf of, the Corporation and under its corporate seal or otherwise, to take or cause to be taken any and all such further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment shall be necessary, advisable, or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

**RESOLVED**, that all members of the Board of Directors of the Corporation have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that all acts and actions regarding the negotiation of the Financing Documents and the Purchase Agreement done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act or agreement had been specifically authorized in advance by resolution of the Board of Directors and that the Designated Officer did execute the same. The actions taken by this resolution shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the Code of Regulations of the Corporation and the laws of Ohio.

## VI.     General

**NOW THEREFORE, BE IT RESOLVED**, that in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, the Board of Directors and each of the Designated Officers are hereby authorized to take all such further action, and to execute and deliver all such further instruments and documents in the name and on behalf of the Corporation, and under its corporate seal or otherwise pay all such fees and expenses, which shall in his or her business judgment may be necessary, proper, or advisable.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------------------  x
                                                                  :
In re                                                             :   Chapter 11
                                                                  :
USA SYNTHETIC FUEL CORPORATION, et al.,                           :   Case No. 15-_____ (___)
                                                                  :
              Debtors. ¹                                          :   (Joint Administration Pending)
                                                                  :
----------------------------------------------------------------  x
```

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING THE TWENTY LARGEST UNSECURED CLAIMS**

Set forth below is the consolidated list of creditors (the "Top Twenty List") that hold, based upon information presently available and belief, the twenty largest unsecured claims against the above-captioned debtors (the "Debtors"). This list has been prepared based upon the books and records of the Debtors. The Top Twenty List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top Twenty List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty largest unsecured claims. The information presented in the Top Twenty List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation, the failure of the Debtors to list any claim, or the listing of any claim as unsecured, does not constitute an admission by the Debtors that any secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

---

[1]    The Debtors and the last four digits of their federal taxpayer identification numbers are as follows: USA Synthetic Fuel Corporation (5258); Lima Energy Company (5661); and Cleantech Corporation (6023). The corporate headquarters and the mailing address for each entity listed above is 312 Walnut Street, Suite 1600, Cincinnati, OH 45202.

| (1)<br><br>*Name of creditor and complete mailing address, including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br><br>*Amount of claim (if secured, also state value of security)* |
|---|---|---|---|---|
| Phillips 66 Company<br>8132 Pinnacle Building<br>3010 Briarpark Drive<br>Houston, TX 77042 | Phillips 66 Company<br>8132 Pinnacle Building<br>3010 Briarpark Drive<br>Houston, TX 77042<br>281-293-6600 | Contract | Contingent<br>Disputed | $16,000,000 |
| Dorsey & Whitney, LLP<br>50 South Sixth St<br>Suite 1500<br>Minneapolis, MN 55402-1498 | Dorsey & Whitney, LLP<br>50 South Sixth St<br>Suite 1500<br>Minneapolis, MN 55402-1498<br>Fax: (612) 340-2868 | Services | Disputed | $3,234,184 |
| Dwight Lockwood<br>3547 Saybrook Ave.<br>Cincinnati, OH 45208 | Dwight Lockwood<br>3547 Saybrook Ave.<br>Cincinnati, OH 45208 | Wages | | $586,845 |
| Taft Stettinius & Hollister LLP<br>425 Walnut Street, Suite 1800<br>Cincinnati, OH 45202 | Taft Stettinius & Hollister LLP<br>425 Walnut Street, Suite 1800<br>Cincinnati, OH 45202<br>Fax: (513) 381-0205 | Services | | $385,239 |
| Goodwin Procter LLP<br>Exchange Place<br>Boston, MA 02109 | Goodwin Procter LLP<br>Exchange Place<br>Boston, MA 02109<br>Fax: (617) 523-1231 | Services | | $321,365 |
| Jeremy Turk<br>177 Nassau Street<br>Princeton, NJ 05542 | Jeremy Turk<br>177 Nassau Street<br>Princeton, NJ 05542 | Wages | | $187,239 |
| Thomas Sanford<br>317 Skiff Mountain Road<br>Kent, CT 06757 | Thomas Sanford<br>317 Skiff Mountain Road<br>Kent, CT 06757 | Wages | | $167,632 |

| (1)<br>*Name of creditor and complete mailing address, including zip code* | (2)<br>*Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br>*Amount of claim (if secured, also state value of security)* |
|---|---|---|---|---|
| Mike Musulin<br>3800 Nicholasville Road<br>Apt 7829<br>Lexington, KY 40503 | Mike Musulin<br>3800 Nicholasville Road<br>Apt 7829<br>Lexington, KY 40503 | Wages | | $136,425 |
| Howard Reichart<br>6 Black Duck Road<br>Mystic, CT 06355 | Howard Reichart<br>6 Black Duck Road<br>Mystic, CT 06355 | Wages | | $134,419 |
| Daniel Dixon<br>3458 Clover Drive<br>Covington, KY 41015 | Daniel Dixon<br>3458 Clover Drive<br>Covington, KY 41015 | Wages | | $116,579 |
| Peter A. Van Loon<br>4811 Montgomery Road<br>Cincinnati, OH 45212-2163 | Peter A. Van Loon<br>4811 Montgomery Road<br>Cincinnati, OH 45212-2163 | Wages | | $106,999 |
| BDO USA, LLP<br>P O Box 642743<br>Pittsburgh, PA 15264-2743 | BDO USA, LLP<br>P O Box 642743<br>Pittsburgh, PA 15264-2743<br>Fax: (412) 471-1996 | Services | | $93,590 |
| Andrew C Harding<br>1444 Rhode Island Ave. NW<br>Apt 219<br>Washington, DC 20005 | Andrew C Harding<br>1444 Rhode Island Ave. NW<br>Apt 219<br>Washington, DC 20005 | Wages | | $83,459 |
| GBQ Consulting LLC<br>230 West Street<br>Columbus, Oh 43215, | GBQ Consulting LLC<br>230 West Street<br>Columbus, Oh 43215<br>Fax: (614) 227-6999 | Services | | $50,290 |
| Porter Wright Morris & Arthur<br>250 East Fifth Street<br>Suite 2200<br>Cincinnati, OH 45202-5118 | Porter Wright Morris & Arthur<br>250 East Fifth Street<br>Suite 2200<br>Cincinnati, OH 45202-5118<br>Fax: (513) 421-0291 | Services | | $39,625 |

| (1)<br>*Name of creditor and complete mailing address, including zip code* | (2)<br>*Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br>*Amount of claim (if secured, also state value of security)* |
|---|---|---|---|---|
| Cantor Fitzgerald<br>499 Park Ave.<br>New York, NY<br>10022 | Cantor Fitzgerald<br>499 Park Ave.<br>New York, NY<br>10022<br>(212) 938 5000 | Services | | $50,000 |
| Killman Murrell & Company, P.C.<br>1931 E. 37th Street, Suite 7<br>Odessa, TX 79762 | Killman Murrell & Company, P.C.<br>1931 E. 37th Street, Suite 7<br>Odessa, TX 79762<br>Fax: (432) 363-0376 | Services | | $49,088 |
| E3 Consulting<br>3333 S. Bannock Street<br>Englewood, Co 80110 | E3 Consulting<br>3333 S. Bannock Street<br>Englewood, Co 80110<br>Fax: (303) 788-9725 | Services | | $32,138 |
| Locke Lord (UK) LLP<br>201 Bishopsgate<br>London, EC2M 3AB | Locke Lord (UK) LLP<br>201 Bishopsgate<br>London, EC2M 3AB<br>+44 20 7861 9000 | Services | | $25,744 |
| Cassady Schiller<br>4705 Lake Forest Drive<br>Cincinnati, OH 45242 | Cassady Schiller<br>4705 Lake Forest Drive<br>Cincinnati, OH 45242<br>Fax: (513) 483-6690 | Services | | $25,700 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
                                                                 :
In re                                                            :    Chapter 11
                                                                 :
USA SYNTHETIC FUEL CORPORATION, *et al.*,                        :    Case No. 15-_____ (___)
                                                                 :
                            Debtors.[1]                          :    (Joint Administration Pending)
                                                                 :
---------------------------------------------------------------- x

**DECLARATION CONCERNING CONSOLIDATED LIST OF CREDITORS HOLDING**
**THE TWENTY LARGEST UNSECURED CLAIMS**

I, Dr. Steven C. Vick, an authorized signatory for the Debtors in these cases, declare under penalty of perjury that I have read the foregoing *Consolidated List of Creditors Holding the Twenty Largest Unsecured Claims* and that it is true and correct to the best of my knowledge, information and belief.

Dated: March 17, 2015

_____
Dr. Steven C. Vick
Chief Executive Officer

---

[1]    The Debtors and the last four digits of their federal taxpayer identification numbers are as follows: USA Synthetic Fuel Corporation (5258); Lima Energy Company (5661); and Cleantech Corporation (6023). The corporate headquarters and the mailing address for each entity listed above is 312 Walnut Street, Suite 1600, Cincinnati, OH 45202.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------x
In re                                                  :     Chapter 11
                                                       :
LIMA ENERGY COMPANY,                                   :     Case No. 15-_____ (___)
                                                       :
                      Debtor.[1]                       :
-------------------------------------------------------x

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**BANKRUPTCY RULES 1007(a)(1) AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| **Shareholder** | **Approximate Percentage of Shares Held** |
|---|---|
| USA Synthetic Fuel Corporation | 100% |

---

[1]   The last four digits of the Debtor's federal taxpayer identification number are 5661.  The corporate headquarters and the mailing address for the Debtor is 312 Walnut Street, Suite 1600, Cincinnati, OH 45202.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------x
In re                           :       Chapter 11
                               :
LIMA ENERGY COMPANY,     :       Case No. 15-_____ (___)
                               :
                Debtor.[1]     :
-------------------------------------------------------x

**DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT
PURSUANT TO BANKRUPTCY RULES 1007(a)(1) AND 7007.1**

I, Dr. Steven C. Vick, an authorized signatory for the Debtor in this case, declare under penalty of perjury that the foregoing *Corporate Ownership Statement Pursuant to Bankruptcy Rules 1007(a)(1) and 7007.1* is true and correct to the best of my knowledge, information and belief.

Dated: March 17, 2015

_Dr. Steven C. Vick_
Dr. Steven C. Vick
Chief Executive Officer

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 5661. The corporate headquarters and the mailing address for the Debtor is 312 Walnut Street, Suite 1600, Cincinnati, OH 45202.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
LIMA ENERGY COMPANY,                     :    Case No. 15-_____ (___)
                                         :
                     Debtor.¹            :
-------------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS

       This list contains the equity security holders of Lima Energy Company, which has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3).

| Equity Holder | Address of Equity Holder | Amount of Shares | Type of Shares |
|---|---|---|---|
| USA Synthetic Fuel Corporation | 312 Walnut Street, Suite 1600, Cincinnati, Ohio 45202 | 100% | Common Stock |

---

[1]     The last four digits of the Debtor's federal taxpayer identification number are 5661. The corporate headquarters and the mailing address for the Debtor is 312 Walnut Street, Suite 1600, Cincinnati, OH 45202.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------x
In re                                               :      Chapter 11
                                                    :
LIMA ENERGY COMPANY,                                :      Case No. 15-_____ (___)
                                                    :
                    Debtor.[1]                       :
-------------------------------------------------------x

## DECLARATION CONCERNING LIST OF EQUITY SECURITY HOLDERS

     I, Dr. Steven C. Vick, an authorized signatory for the Debtor in this case, declare under penalty of perjury that the foregoing *List of Equity Security Holders* is true and correct to the best of my knowledge, information and belief.

Dated: March 17, 2015

_Dr. Steven C. Vick_
_____
Dr. Steven C. Vick
Chief Executive Officer

8950372

---

[1]    The last four digits of the Debtor's federal taxpayer identification number are 5661. The corporate headquarters and the mailing address for the Debtor is 312 Walnut Street, Suite 1600, Cincinnati, OH 45202.